IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CURT HIMMELBERGER, | : | CIVIL ACTION |
| Plaintiff | : | No. _____ |
| v. | : | |
| EASTERN UNIVERSITY, | : | **JURY TRIAL DEMANDED** |
| Defendant | : | |

## COMPLAINT AND JURY DEMAND

**I.     PREMLIMINARY STATEMENT**

1. This is an action for an award of damages, attorneys' fees and other relief on behalf of Plaintiff, Curtis Himmelberger ("Plaintiff Himmelberger"), a former employee of Defendant, Eastern University ("Defendant") who has been harmed by the Defendant's retaliatory employment practices.

2. This action arises under Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. §2000e et seq. ("Title VII").

**II.    JURISDICTION AND VENUE**

3. The jurisdiction of this Court is invoked, and venue is proper in this judicial district, pursuant to 28 U.S.C. §§1331 and 1391 as Plaintiff Himmelberger's claims are substantively based on Title VII.

4. All conditions precedent to the institution of this lawsuit have been fulfilled. On June 29, 2023, a Notice of Right to Sue was issued by the United States Equal Employment Opportunity Commission ("EEOC"), and this action has been filed within ninety (90) days of receipt of said notice.

1

5. Plaintiff Himmelberger has satisfied all other jurisdictional prerequisites to the maintenance of this action.

## III. **PARTIES**

6. Plaintiff Himmelberger is a thirty-eight (38) year old citizen of the Commonwealth of Pennsylvania, residing therein at 7825 Argus Road, Philadelphia, Pennsylvania 19150.

7. Defendant is a private university and non-profit corporation, organized and existing under the laws of the Commonwealth of Pennsylvania, maintaining a place of business located at 1300 Eagle Road, St. Davids, Pennsylvania 19087.

8. At all times relevant hereto, the Defendant acted through its agents, servants, and employees, who acted within the scope of their authority, course of employment, and under the direct control of the Defendant.

9. At all times material herein, the Defendant has been a "person" and "employer" as defined under Title VII, and has been, and is, subject to the provisions of said Act.

10. At all times material herein, Plaintiff Himmelberg has been an "employee" as defined under Title VII and has been, and is, entitled to the protections of said Act.

## IV. **STATEMENT OF FACTS**

11. Plaintiff Himmelberger is a scholar and educator. In 2006, Plaintiff Himmelberger obtained a Bachelor of Science in Elementary Education from The Pennsylvania State University. In 2008, he obtained a Master of Science degree in Educational Studies from Johns Hopkins University, and in 2020, he obtained a Master of Fine Arts degree in Physical Devising/Theatre from The University of the Arts.

12. In connection with his expertise, Plaintiff Himmelberger worked as an inner-city public school teacher for various public school districts, served as a language and literacy coordinator with the College Assistance Migrant Program, and as an ESL District Coordinator with the Christian Academy School District. Additionally, Plaintiff Himmelberger has vast experience working as an actor, improviser, director, producer, film/online video content creator, and a writer/playwright.

13. Plaintiff Himmelberger was employed by the Defendant from on or about March 30, 2020 until on or about May 10, 2022, the date of his unlawful termination.

14. During his tenure of employment with the Defendant, Plaintiff Himmelberger held the position of Adjunct Professor in Defendant's Theatre Department, instructing many students in the following courses: Introduction to Theatre (Fall 2020, Spring 2021, Fall 2021, Spring 2022), Acting as Communication (Spring 2021, Fall 2021 at Defendant's Esperanza College, Spring 2022), Diversity in Theatre (Summer 2021), and Senior Seminar (Fall 2021).

15. In addition to his teaching duties, as aforesaid, Plaintiff Himmelberger received contracts and stipends from Defendant to serve as a Director, Workshop Presenter, Headshot Photographer, and Dramaturg.

16. At all times relevant hereto, Plaintiff Himmelberger performed his job responsibilities in a dutiful and competent manner and maintained a satisfactory job performance rating in said capacity. Plaintiff Himmelberger has received abundant positive reviews from his students, as well as praise from his superiors.

17. By way of background, Plaintiff Himmelberger's wife, Lois Abdelmalek ("Abdelmalek"), a female individual of Middle Eastern descent, was also employed by

3

the Defendant as the Department Chair and Director of Theatre, Fine and Performing Arts Division, and as an Assistant Professor, from in or about August of 2019 until on or about May 10, 2022, the date of her unlawful termination.

18. During their respective tenures, both Plaintiff Himmelberger and Abdelmalek reported to Steven Ford ("Ford"), Director of Fine Arts and Performing Arts, Brian Williams ("Williams"), Dean of the College of Arts and Humanities, and Kenton Sparks ("Sparks"), Provost and Vice President of Academic Affairs.

19. Beginning in or about December of 2021, Abdelmalek registered a series of complaints of race discrimination, national origin discrimination, and gender discrimination to Defendant, both verbally and in writing.

20. For example, on or about December 19, 2021, Abdelmalek sent an email to Stephen Welsh ("Welsh"), Director of Dance, and his staff including, but not limited to, Neeka Guenther ("Guenther"), Guest Artist and Administrative Assistant, wherein she documented concerns in reference to differential treatment experienced by "faculty of color," specifically "women of color" at the university. Abdelmalek further detailed and protested the "microaggressions" by a "white woman" she personally experienced, stating her belief that they were functioning "in a white patriarchy."

21. Thereafter, in retaliation for protesting unlawful discrimination in the workplace, the Defendant subjected Abdelmalek to extreme and demonstrable antagonism.

22. In or about January of 2022, Abdelmalek applied for tenure with Defendant. Notwithstanding her eminent qualifications for the position, her superiors

4

refused to assist her with the process or support her application with recommendations, solely because she had engaged in the aforesaid protected activity.

23. Moreover, Defendant's management shunned Abdelmalek and treated her with the utmost disrespect during her final months of employment.

24. As further retaliation on or about May 10, 2022, without any prior warnings, discipline, or negative evaluation or observation, the Defendant abruptly terminated Abdelmalek's employment. The Defendant provided Abdelmalek with no explanation or justification for her termination.

25. Notwithstanding the fact that Plaintiff Himmelberger had performed excellently and without issue throughout his tenure of employment, the Defendant abruptly terminated his employment as well on or about May 10, 2022, the same day of his wife's termination. Similarly, the Defendant afforded Plaintiff Himmelberger with no explanation or justification for his termination.

26. At the time of his termination, Plaintiff Himmelberger was slated to teach Diversity in Theater during the upcoming Summer 2022 semester, which was to begin in approximately one (1) week. Plaintiff Himmelberger had spent substantial time preparing to teach said course.

27. Plaintiff Himmelberger fully expected to perform other work, lead potential workshops, and teach various courses in his role as an Adjunct Professor during the 2022-2023 academic year and beyond, with the goal of becoming a full-time member of Defendant's faculty. However, like Abdelmalek, following Plaintiff Himmelberger's termination, he was functionally replaced. In fact, as of the date of Plaintiff Himmelberger's termination, Defendant had designated that he would teach Acting as

5

Communication, Senior Seminar, Introduction to Theatre, and Diversity in Theatre during the upcoming 2022-2023 academic year, and that he would also direct the fall play and serve as Assistant Director for the spring musical.

28.     Plaintiff Himmelberger believes and avers that no legitimate business reason existed for the termination of his employment and that Defendant's actions were motivated by reason of his association with his wife, who engaged in protected activity by protesting unlawful workplace discrimination in violation of Title VII.[1]

## COUNT I
### (Title VII - Retaliation)
### Plaintiff Himmelberger v. the Defendant

29.     Plaintiff Himmelberger incorporates by reference paragraphs 1 through 28 of this Complaint as though fully set forth herein.

30.     The actions of the Defendant, through its agents, servants, and employees, in subjecting Plaintiff Himmelberger to retaliation on the basis of his association with his wife who engaged in protected activity as defined by Title VII, ultimately resulting in the termination of his employment, constituted a violation of Title VII.

31.     As a direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of Title VII, Plaintiff Himmelberger

---

[1] Where a friend or family member is terminated due to another's protected conduct, he or she is permitted to sue for "retaliation" under Title VII. Sterner v. County of Berks, 2014 U.S. Dist. LEXIS 43355, at *24 (E.D. Pa. 2014) (citing Thompson v. N. Amer. Stainless, 562 U.S. 170, 131 S. Ct. 863, 870, 178 L. Ed.2d 694 (2011)); see also Antonelli v. Sapa Extrusions Inc., 2015 U.S. Dist. LEXIS 9207, at *9 (M.D. Pa. 2015) (The Supreme Court has confirmed that any close member of one's family is protected under Title VII from retaliation, as significant others, fiances, and spouses are within the "zone of interests" prohibiting retaliation against them); Lamar v. Mon Valley Initiative, 2020 U.S. Dist. LEXIS 131985, at *7 (W.D. Pa. 2020) (even a "friendship" is sufficiently within the zone of interests to protect a "friend" from retaliation under applicable jurisprudence).

sustained permanent and irreparable harm, resulting in his termination from employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay, and interest due thereon.

32. As a further direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of Title VII, Plaintiff Himmelberger suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## **PRAYER FOR RELIEF**

33. Plaintiff Himmelberger incorporates by reference paragraphs 1 through 32 of this Complaint as though fully set forth herein.

**WHEREFORE**, Plaintiff Himmelberger requests that this Court enter judgment in his favor and against the Defendant, and Order that:

a. Defendant compensate Plaintiff Himmelberger, reimburse Plaintiff Himmelberger, and make Plaintiff Himmelberger whole for any and all pay and benefits he would have received had it not been for Defendant's unlawful actions, as aforesaid, including, but not limited to, back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority;

b. Defendant pay to Plaintiff Himmelberger punitive damages as permitted by applicable law, in an amount believed by the Court or the trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

c. Defendant pay to Plaintiff Himmelberger compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as allowable;

    d.     Defendant pay to Plaintiff Himmelberger pre and post judgment interest, costs of suit, and attorney and expert witness fees as allowed by law;

    e.     The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff Himmelberger demands trial by jury.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:   */s/ Ari R. Karpf*
        Ari R. Karpf, Esq.
        3331 Street Road
        Two Greenwood Square, Suite 128
        Bensalem, PA 19020
        (215) 639-0801

Dated: July 28, 2023

## **VERIFICATION**

The undersigned states that the facts in the foregoing Complaint are true and correct to the best of Plaintiff's knowledge, information and belief. The undersigned understands that any intentionally false statements herein are subject to criminal penalties relating to sworn and unsworn statements.

*Curt Himmelberger*
_____
Curt Himmelberger

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Curt Himmelberger : CIVIL ACTION
v. :
:
Eastern University : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| 7/28/2023 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 7825 Argus Road, Philadelphia, PA 19150

Address of Defendant: 1300 Eagle Road, St. Davids, PA 19087

Place of Accident, Incident or Transaction: Defendant's place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ] No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ] No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ] No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ] No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 7/28/2023    _____(signature)_____    ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A. Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [X] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify): _____*

**B. Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify): _____*
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify): _____*

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or pro se plaintiff*, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 7/28/2023    _____(signature)_____    ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44  (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

HIMMELBERGER, CURT

**DEFENDANTS**

EASTERN UNIVERSITY

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Delaware
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander |  |  | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability |  |  | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product Liability |  | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability |  |  | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 370 Other Fraud | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 480 Consumer Credit |
| 190 Other Contract | 360 Other Personal Injury | 371 Truth in Lending | 720 Labor/Management Relations | 862 Black Lung (923) | 490 Cable/Sat TV |
| 195 Contract Product Liability |  | 380 Other Personal Property Damage | 740 Railway Labor Act | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/ Exchange |
| 196 Franchise | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 864 SSID Title XVI | 890 Other Statutory Actions |
|  |  |  |  | 865 RSI (405(g)) | 891 Agricultural Acts |
|  |  |  |  |  | 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 790 Other Labor Litigation | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee |  | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 230 Rent Lease & Ejectment | X 442 Employment | 510 Motions to Vacate Sentence |  |  |  |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General |  |  | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** |  |  |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | 462 Naturalization Application |  |  |
|  |  | 540 Mandamus & Other | 465 Other Immigration Actions |  |  |
|  | 448 Education | 550 Civil Rights |  |  |  |
|  |  | 555 Prison Condition |  |  |  |
|  |  | 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000)

Brief description of cause:
Violations of Title VII.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 7/28/2023

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE